## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| KRZYSZTOF FRAK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | 20 C 2722 |
| MORGAN STANLEY AND SAXON | ) | |
| MORTGAGE SERVICES, INC., | ) | Judge Charles P. Kocoras |
| | ) | |
| Defendants. | ) | |

### ORDER

Before the Court is Defendants' Morgan Stanley and Saxon Mortgage Services ("Saxon") (collectively, "Defendants") motion to dismiss Plaintiff Krzysztof Frak's ("Plaintiff") Complaint.  For the following reasons, the Court grants Defendants' motion.

### STATEMENT

For purposes of this motion, the Court accepts as true the following facts from the complaint.  *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665–66 (7th Cir. 2013).  All reasonable inferences are drawn in Plaintiff's favor.  *League of Women Voters of Chicago v. City of Chicago*, 757 F.3d 722, 724 (7th Cir. 2014).  The Court also draws facts where necessary from relevant state-court and bankruptcy-court records.  *See Ennenga v. Starns*, 677 F.3d 766, 773 (7th Cir. 2012) ("Taking judicial notice of matters

of public record need not convert a motion to dismiss into a motion for summary judgment.").

"*All* of the claims" in Plaintiff's Complaint stem from Defendants' alleged breach of a home mortgage modification which led to Plaintiff's bankruptcy. Compl., ECF. No. 1 at 2 (emphasis added). Defendant Saxon serviced Plaintiff's mortgage from May 2009 through October 2012. *Id.* at 3. In June and July 2009, Saxon admitted receipt of Plaintiff's requested mortgage modification. *Id.* at 5. In line with this ostensibly final modification, Saxon collected payments from Plaintiff in September, October, and November 2009. *Id.* Then, in December 2009, Saxon did not finalize the modification. *Id.* In February 2010, Saxon rejected Plaintiff's payment as insufficient and, on April 8, 2010, formally denied Plaintiff's mortgage modification in a denial letter. *Id.* Plaintiff's home was ultimately foreclosed upon. *Id.* Against this factual backdrop, Plaintiff's May 2020 Complaint alleges (1) wrongful foreclosure (Count I); (2) breach of contract (Count II); (3) and violations of the Illinois Consumer Fraud Act ("ICFA") (Count III). *Id.* at 10-14.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the sufficiency of the complaint, not the merits of the case." *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 878 (7th Cir. 2012). The allegations in the complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff need not provide detailed factual allegations,

but it must provide enough factual support to raise its right to relief above a speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A claim must be facially plausible, meaning that the pleadings must "allow . . . the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The claim must be described "in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests.'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to withstand a 12(b)(6) motion to dismiss. *Iqbal*, 556 U.S. at 678.

The Court "liberally construe[s]" Plaintiff's Complaint. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, "even pro se litigants must expect to file a legal argument and some supporting authority. A litigant who fails to press a point by supporting it with pertinent authority, or by showing it is sound despite a lack of supporting authority, forfeits the point. We will not do his research for him." *Mathis v. New York Life Ins. Co.*, 133 F.3d 546, 548 (7th Cir. 1998) (cleaned up).[1]

Applying these principles, Plaintiff's claims all fail as a matter of law. The Court broadly observes that Plaintiff has not responded to most of Defendants' arguments.

---

[1] The Court uses the parenthetical "cleaned up" to enhance the readability of this opinion. *See* Jack Metzler, *Cleaning Up Quotations*, 18 J. App. Prac. & Process 143 (2017).

We therefore assess Defendants' arguments against the scant information provided by Plaintiff.

At the outset, the Court dismisses the "wrongful foreclosure" claim (Count I) because it is not an independent cause of action under Illinois law. *Acevedo v. CitiMortgage, Inc.*, 2013 WL 1283807, at *6 (N.D. Ill. 2013).

The Court also dismisses this claim and Plaintiff's remaining claims as time barred. First, Count II—the breach of contract claim—is subject to a ten-year statute of limitations. 735 ILCS 5/13-206; *Newell v. Newell*, 406 Ill. App. 3d 1046, 1051 (3rd Dist. 2011). Plaintiff's cause of action accrued in either December 2009 when Plaintiff first knew of Defendants' alleged breach or in February 2010 when Saxon rejected Plaintiff's attempted payment. Plaintiff filed his Complaint on May 5, 2020, which is over ten years from either accrual period. This claim is therefore barred.[2] Second, Plaintiff did not bring his ICFA claim within three years of when it accrued so that claim is likewise barred. *Kopley Grp. V., L.P. v. Sheridan Edgewater Properties, Ltd.*, 376 Ill. App. 3d 1006, 1020–21 (1st Dist. 2007) (citing 815 ILCS 505/10a(e)). And third, were the Court to infer that Plaintiff's action arises under federal law, those causes would also be time barred. *See, e.g.,* 12 U.S.C. § 2614 (RESPA statute of limitations of between one and three years depending on the section); 15 U.S.C. § 1692k(d) (FDCPA statute of limitations of one year).

---

[2] Even if Plaintiff's cause of action accrued on April 8, 2010 when Saxon formally denied Plaintiff's mortgage modification that too would be untimely because the Complaint was filed about a month after the statute of limitations lapsed.

Plaintiff's oblique reference to three possible arguments against application of the statutes of limitations all fail to resuscitate his claims.

First, the Court declines to apply the "discovery rule" because Plaintiff knew of the alleged breach in December 2009 when Plaintiff alleges that Saxon was required to, but did not, provide a permanent modification of Plaintiff's loan. *See Heiman v. Bimbo Foods Bakeries Distrib. Co.*, 902 F.3d 715, 720 (7th Cir. 2018) (declining to apply the discovery rule where plaintiff was aware of wrongful conduct and "knew or should have known of the existence of the right to sue the defendant at the time of the [breach]").

Second, the Court also declines to apply equitable tolling which is an "extraordinary remedy that is rarely granted." *Carpenter v. Douma*, 840 F.3d 867, 870 (7th Cir. 2016) (cleaned up). "[A] plaintiff who invokes equitable tolling to suspend the statute of limitations must bring suit within a reasonable time after he has obtained, or by due diligence could have obtained, the necessary information." *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 453 (7th Cir. 1990). Plaintiff has failed to do this. Instead, Plaintiff waited over a decade to pursue his claims and did not bring suit within a reasonable timeframe after he obtained the information necessary to pursue his claims.

And finally, the Court's COVID-19 General Order does not assist Plaintiff because his claims lapsed prior to the Court's first COVID-19 General Order in March 2020. Taken in the light most favorable to Plaintiff, his claims became time-barred in either December 2019 or February 2020—both of which were before the Court's March General Order. Moreover, the Court observes that the Court suspended the prohibition

against *pro se* parties emailing their filing to the Clerk's office, and allowed *pro se* parties, like Plaintiff, to initiate new actions by email because of the pandemic. Therefore, Plaintiff could have initiated this action during that time period.

For these reasons, the Court dismisses Plaintiff's claims as time barred. Because the Court's dismissal is on statute of limitations grounds, there is no "practical distinction here between a dismissal with prejudice and a dismissal without prejudice because, even if the court dismissed without prejudice, refiling would be futile[.]" *David v. Wal-Mart Stores, Inc.*, 2016 WL 2344576, at *3 (N.D. Ill. 2016), *aff'd*, 669 F. App'x 793 (7th Cir. 2016). However, as a technical matter the Court nevertheless formally dismisses Plaintiff's claim with prejudice because any amendment would be "barred by the statute of limitations." *Rodriguez v. United States*, 286 F.3d 972, 980 (7th Cir. 2002).

Even were Plaintiff's claims not barred by the relevant statute of limitations, Plaintiff's failure to disclose his claims in his 2019 bankruptcy petition judicially estops him from pursuing his claims. This is because "a debtor in bankruptcy who denies owning an asset, including a chose in action or other legal claim, cannot realize on that concealed asset after the bankruptcy ends." *Cannon-Stokes v. Potter*, 453 F.3d 446, 448 (7th Cir. 2006). Even were the Court to grant leave for the bankruptcy trustee to join this action under Federal Rule of Civil Procedure 17 as a real party in interest, Plaintiff is still judicially estopped. *See Matthews v. Potter*, 316 F. App'x 518, 522 (7th Cir. 2009) ("Courts consistently hold that a debtor who conceals a legal claim and denies

owning the asset in bankruptcy is judicially estopped from later pursuing that claim to the debtor's personal benefit.").

The bankruptcy filings, which this Court takes judicial notice of, conclusively demonstrate that estoppel applies here. Any actionable conduct took place in or around 2009 when Defendants' allegedly breached the mortgage modification. Taken in the light most favorable to Plaintiff, this conduct took place at the absolute latest in October 2012 when Saxon stopped servicing Plaintiff's loan. But Plaintiff's debts were discharged nearly seven years later in 2019. And, before they were discharged, Plaintiff expressly attested—under oath—that he had no "claims against third parties" whether or not he had "filed a lawsuit or made a demand for payment." Because Plaintiff did not disclose the instant lawsuit, he is judicially estopped from pursuing it.

Plaintiff's argument that this omission was innocent or inadvertent does not resurrect his claim because Plaintiff's "subjective intent does not matter" for the Court's analysis. *Becker v. Verizon N., Inc.*, 2007 WL 1224039, at *1 (7th Cir. 2007); *accord Williams v. Hainje*, 375 F. App'x 625, 628 (7th Cir. 2010) (affirming a district court's finding that a plaintiff's failure to disclose was not inadvertent); *Weingard v. Unifund CCR, LLC*, 2015 WL 2149482, at *2 (N.D. Ill. 2015) (applying judicial estoppel even where plaintiff may not have been aware of the specific claim because the alleged conduct took place before the bankruptcy action was filed).

Accordingly, Plaintiff's claims are also dismissed as judicially estopped.[3]

Because Plaintiff is judicially estopped from pursuing his claims—and will remain estopped with or without any amendment—the Court exercises its broad discretion to deny Plaintiff leave to amend because any amendment would be futile. *See Gonzalez-Koeneke v. West.*, 791 F.3d 801, 807 (7th Cir. 2015) (observing that courts retain "broad discretion to deny leave to amend" "where the amendment would be futile"); *Timas v. Klaser*, 23 F. App'x 574, 578 (7th Cir. 2001) (affirming district court's denial of leave to amend in a *pro se* matter and noting that "a plaintiff's right to amend as a matter of course is not absolute")

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is granted. Plaintiff's complaint is dismissed with prejudice. Civil case terminated. It is so ordered.

Dated: 11/5/2020

Charles P. Kocoras
United States District Judge

---

[3] Because the Court dismisses Plaintiff's claims on statute of limitations and judicial estoppel grounds, the Court declines to address whether all of Plaintiff's counts state a claim upon which relief can be granted.